IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

JAMES W. BURBANK,

    Plaintiff,

vs.

                          No. 2:04CV00742 JEC

UNITED STATES DISTRICT COURT,
et al.,

    Defendants,

UINTAH COUNTY, UTAH, et al.,

    Counter-Claimants,

vs.

JAMES W. BURBANK, et al.,

    Counter-Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on a pleading styled "Title: RULE 55 Judgment CLERK OF THE COURT," (hereafter "Motion") filed December 15, 2005 (*Doc. 88*). Construing the document to be a motion seeking default judgment pursuant to Rule 55, the Court has considered the Motion, the parties' submissions, and all relevant authority. For the reasons that follow, the Court finds the Motion not well-taken and it is, therefore, denied.

First, Counterclaim Defendants' requests were untimely served upon Uintah County Defendants, as the responses thereto were due later than the October 30, 2005 deadline set forth in

the Initial Pretrial Report. *See* Doc. 66 at 9. Uintah County Defendants properly and timely objected to the untimely request for discovery. *See* Doc. 84. Thus, Counterclaim Defendants themselves have failed to comply with the Court's Scheduling Order regarding timely service of discovery. Next, the document requests made by Counterclaim Defendants do not comply with the Federal Rules of Civil Procedure. *See* Mem. in Opp., Exs. 1, 2. Moreover, Counterclaim Defendants' *pro se* status is of no assistance to them in this regard. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[w]hile we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). *See also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing several cases for principle that *pro se* litigants must comply with same procedural rules that govern all other litigants). Finally, Rule 55 of the Federal Rules of Civil Procedure has no application here, for that Rule concerns only a party's failure to "plead or otherwise defend." FED.R.CIV.P. 55. For these reasons, Counterclaim Defendants' request for default judgment is denied.

WHEREFORE,

**IT IS ORDERED** that Counter Defendants' document styled "Title: RULE 55 Judgment CLERK OF THE COURT," filed December 15, 2005 (*Doc. 88*), is DENIED.

Dated this 9th day of January, 2006.

SENIOR UNITED STATES DISTRICT JUDGE