IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

FILED
U.S. DISTRICT COURT

2006 APR -3 P 2: 55

DISTRICT OF UTAH
BY: _____ CE
    DEPUTY CLERK

JAMES W. BURBANK,

    Plaintiff,

vs.

No. 2:04CV00742 JEC

UNITED STATES DISTRICT COURT OF
UTAH, all Judges; UTAH STATE
POLITICAL ENTITIES; UTAH TAX
COMMISSION; UTAH DMV; DULY and
AUTHORIZED ACTING JUDGES of the
STATE OF UTAH; COUNTY OF UINTAH
political subdivision of the STATE OF UTAH;
UINTAH COUNTY JUSTICE COURT political
subdivision of the STATE OF UTAH;
UINTAH COUNTY ATTORNEY political
subdivision of the STATE OF UTAH; and
UINTAH COUNTY SHERIFF'S DEPARTMENT
political subdivision of the STATE OF UTAH,

    Defendants.


UINTAH COUNTY, UTAH; UINTAH
COUNTY ATTORNEY JOANN STRINGHAM;
UINTAH COUNTY SHERIFF RICK HAWKINS;
and UINTAH COUNTY DEPUTY SHERIFF JOHN
LAURSEN,

    Counter-Claimants,

vs.

JAMES W. BURBANK, *et al.*,

    Counter-Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Uintah County Defendants' Motion to Dismiss, filed December 15, 2005 (*Doc. 92*) ("Motion"). Having considered the Motion, the parties' submissions, and the relevant authority, the Court finds the Motion well-taken and it is, therefore, granted.

### I.   Procedural/Factual Background

Plaintiff *pro se* James W. Burbank filed suit against Defendants Uintah County, Uintah County Justice Court, Uintah County Sheriff's Office, Uintah County Deputy John Laursen, Uintah County Sheriff Rick Hawkins, and Uintah County Attorney JoAnn Stringham's (collectively "Uintah County Defendants"), generally alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. *See* Doc. 1. Burbank's allegations stem from the prosecution of Burbank for violations of Utah state law arising from a 2003 incident at a 7-11 store during which Burbank was issued a citation for operating an unregistered motor vehicle and Burbank's vehicle was impounded. Following the 2003 incident, Burbank proceeded before the Western Arbitration Counsel ("WAC"), a body created by the chief of Burbank's "tribe," and received purported "judgments" against various Uintah County officials, including an "award" for $300,720 against Deputy Sheriff Laursen[1]. Burbank then filed this cause of action seeking in excess of $375,000,000 in damages, as well as equitable relief, from various County and State entities and officials. At the heart of Burbank's claims lies his wholly

---

[1] Laursen is not the only Utah public official facing a money "judgment" against him in favor of Burbank. A $300,000 "judgment" has also been entered against Justice Court Judge Petry, for example.

2

unsupported assertion that he is "a male member of an American Indian Tribe...residing in Uintah County" and thus is immune from state criminal laws[2]. *Id.* Uintah County Defendants filed a counter-claim on which their motion for partial summary judgment is currently pending. Presently before the Court is Uintah County Defendants' Motion to Dismiss.

## II. Legal Standard

The court's function when entertaining a motion to dismiss pursuant to Rule 12(b)(6) "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.* 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)). The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). When a plaintiff proceeds *pro se*, the court will construe his pleadings liberally. *Id.* at 520-21. However, "this does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim

---

[2]In a Memorandum Opinion and Order to follow shortly, the Court shall address the legal status of this "tribe" when ruling on Defendants' Motion for Partial Summary Judgment Re: Indian Status, filed December 15, 2006 (*Doc. 90*).

3

could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the court is not to assume the role of advocate for the *pro se* litigant. *Id.*

## III. Discussion

The Court has strained to identify the specific nature of the claims asserted in each count of Burbank's initiating document, styled "Notice." *See* Doc. 1 (hereinafter "Complaint"). To the best of the Court's understanding, with regard to Uintah County Defendants, Plaintiff brings suit pursuant to 42 U.S.C. § 1983 alleging various infringements upon his constitutional rights as he perceives them to be. Notwithstanding loosened rules for *pro se* pleadings, the Court has little understanding of what Burbank is claiming with regard to whom[3]. It is evident that Burbank seeks (1) monetary damages in an amount exceeding $375,000.; (2) injunctive relief in the form of an order disallowing any criminal prosecution of Burbank in the future and requiring expungement of any and all present criminal records pertaining to Burbank; and (3) declaratory judgment pronouncing that the State of Utah and its political subdivisions must follow "Federal Indian Laws" as Burbank perceives them to be and may not sue Burbank or his "tribe" to collect any debt. *See* Compl., "Compensation Section." Notably, however, review by the Tenth Circuit Court of Appeals is what Burbank in fact aspires to. *See* Compl. at 1, ¶ (B) ("This case therefore [sic] is being filed in, The United Stated [sic] District Court of Utah, to be sent to the 10th Circuit Court of the United States for a ruling in this matter.").

### *The County Sheriff's Office and County Justice Court are Improper § 1983 Defendants*

A civil rights plaintiff proceeding under § 1983 must allege and prove, by a preponderance

---

[3] For instance, Burbank names federal judges in his Complaint, yet promptly asserts in the body thereof that "The United States District Court of Utah, all Judges of, are not being sued in this action." Compl. at 1, ¶ (A).

4

of the evidence, that (a) some person has deprived him of a federally protected right, and (b) the person who has deprived him of that right acted under color of state law. Gomez v. Toledo, 446 U.S. 635, 640(1980). The defendant has the burden of pleading affirmative defenses such as immunity. *Id.* Because only "persons" may be sued under § 1983 for deprivation of civil rights, *see Martin v. Davison*, 322 F.Supp. 318, 325 (W.D.Pa. 1971), an entity must be a "person" as that term has been defined for purposes of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Counties are persons subject to suit under § 1983. *See Smallwood v. Jefferson County*, 753 F.Supp. 657 (W.D.Ky. 1991). It is settled, however, that subdivisions of counties, such as police departments and sheriffs' offices, are not "persons" subject to suit under § 1983. *See Ketchum v. Albuquerque Police Dept.*, 1992 WL 51481 (10th Cir. 1992) (unpublished disposition citing *Martinez v. Winner*, 771 F.2d 424, 443 (10th Cir. 1985)). Nor are county courts "persons" subject to suit under § 1983. *See Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Moreover, I am unable to discern any other theory of liability as to the Sheriff's Department or County Justice Court from the facts alleged. In these circumstances, "allowing [Plaintiff] to amend his complaint would be futile." *Hall v. Bellman*, 935 F.2d 1106, 1109. Accordingly, Uintah County Sheriff's Department and Uintah County Justice Court are properly dismissed.

### *Individual Capacity Suits Cannot be Maintained Because the County is a Defendant*

Burbank sues Uintah County Sheriff Rick Hawkins, Uintah County Deputy Sheriff John "Larson," and Uintah County Attorney Joann Stringham, each specifically in his or her "official capacity." *See* Compl. at 2. Claims against Defendants in their official capacities are the equivalent of claims against the county agencies who employ them. *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988); *see also Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999). Thus, where, as

here, government officials are sued in their official capacity and the governmental agency is itself a party defendant, the law requires dismissal of the official. *See Hardy v. Town of Hayneville*, 50 F.2d 1176, 1185 (N.D.Ala. 1999). Accordingly, Plaintiff's claims against these Defendants in their official capacities are dismissed.

### *Defendants Stringham, Sheriff Hawkins and Laursen Also Enjoy Immunity From Suit*

The Supreme Court has recognized not only the absolute civil immunity of judges for conduct within their judicial domain[4], *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967), but also the "quasi-judicial" civil immunity of prosecutors for acts intertwined with the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430-31. Therefore, absent any allegation sufficient to support a contention that these individual defendants acted outside their prosecutorial roles in the judicial process, prosecutorial immunity provides additional reason for dismissal of Defendants Hawkins, Larson, and Stringham, even assuming Burbank intended to sue them their individual capacities. *Id*

### *Burbank Has Failed to State a Claim Against the County*

To create any County liability under § 1983, Burbank must establish: (1) that a constitutional violation occurred; and (2) that some official policy or custom was the moving force behind the violation. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1984). Assuming Burbank's complaint has alleges facts sufficient to support a claim of a constitutional violation, he has alleged no facts to support a claim that his injuries resulted from an unconstitutional policy or custom. *Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988)." *Stevenson v. Whetsel*, No. 02-6191   (10th Cir. Dec. 3, 2002).

---

[4]Presumably providing fertile ground for dismissal of the judges in this action.

6

Furthermore, Plaintiff has failed to link any of the agencies to the acts allegedly committed by its employees. A local governmental agency or municipality cannot be held liable for the acts of its employees solely under a theory of *respondeat superior*. *Sauers v. Salt Lake County*, 1 F.3d 1122, 1129 (10th Cir. 1993); *Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir. 1992); *Butcher v. City of McAlester*, 956 F.2d 973, 977-78 (10th Cir. 1992).

## IV.   Conclusion

In sum, taking all well-pleaded facts as true and setting aside formalities for the *pro se* litigant, the Court finds that Burbank's Amended Complaint fails to state a legal claim against the Uintah County Defendants and the defects could not be cured by amendment. Therefore, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), the doctrines of qualified immunity, judicial immunity and quasi-judicial immunity, Burbank's claims against Uintah County Defendants are dismissed with prejudice.

WHEREFORE,

**IT IS ORDERED** that *Uintah County Defendants' Motion to Dismiss*, filed December 15, 2005 (Doc. 92) is GRANTED and Plaintiff's Complaint against Defendants is hereby dismissed in its entirety with prejudice.

Dated March 30, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE
Sitting by Designation from the District of New Mexico

7