IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

JAMES W. BURBANK,

    Plaintiff,

vs.                                                No. 2:04CV00742 JEC

UNITED STATES DISTRICT COURT, *et al.*,

    Defendants,

UINTAH COUNTY, UTAH, *et al.*,

    Counter-Claimants,

vs.

JAMES W. BURBANK, *et al.*,

    Counter-Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Uintah County Parties' Motion for Partial Summary Judgment RE: Indian Status*, filed December 15, 2005 (*Doc. 90*) ("Motion"). The question before the Court is whether the Wampanoag Nation, Tribe of Grayhead, Wolf Band ("Group") and its members are a federally recognized Indian tribe and, as such, are exempt from the laws of the State of Utah. The Court, having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, finds the Group and its members have

shown no entitlement to such recognition. Accordingly, the Motion is GRANTED.

## I.     Legal Standard

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Id.* at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

## II.    Background

James Burbank filed this suit seeking damages and injunctive relief from various state and federal entities and individuals, contending that he was illegally subject to the laws of the State of Utah when he was cited for operating an unregistered motor vehicle. Burbank claims to be a member of an organization by the name of Wampanoag Nation, Tribe of Grayhead, Wolf Band,[1] which was formed at an Arby's Restaurant in Provo, Utah on April 18, 2003. *See* Doc. 52, Exs. thereto. Burbank and other Counter-Defendants contend that membership in this "Tribe " exempts them, under the laws of the United States, from the laws of the State of Utah and Uintah County.

Uintah County, Utah; Uintah County Attorney JoAnn Stringham; Uintah County Sheriff Rick Hawkins; and Uintah County Deputy Sheriff John Laursen (collectively "Uintah County Defendants" or "Counter-Plaintiffs") filed Counterclaims against James Burbank, Martin Terry Campbell, Dwight Hughs, Sylvia O. Kralik, Curtis Richmond, Thomas Smith, Dale Nolan Stevens, The Order of White Light, a Utah corporation d/b/a the Western Arbitration Council, the Wampanoag Nation, Tribe of Grayhead, Wolf Band, an unincorporated association-in-fact, and John Does (collectively "Counter- Defendants"). Counter-Plaintiffs allege that Counter-Defendants have engaged in racketeering activities involving sham arbitrations before the Western Arbitration Council, resulting in large sums of "arbitration awards" which are registered as liens against the property of various state and county officials. Counter-Plaintiffs assert claims for Declaratory Judgment regarding Indian status (Count I); violation of RICO Act, 18 U.S.C. §§ 1341, 1343, 1951, 1952, 1962 (Count II); Civil Conspiracy (Count III); Abuse of Process (Count IV); Common Law Slander of Title (Count V); and Prima Facie Tort (Count VI). Counter-Plaintiffs presently seek partial summary judgment in their favor on Count I.

**III. <u>Discussion</u>**

In order to be exempt from state law as an "Indian," one must be a member of a federally recognized tribe. *See* 25 C.F.R. §§ 83.1, 83.12; *accord, State v. Velky*, 821 A.2d 752, 756 (Conn. 2003) ("Indian status is derived from being a member of a federally recognized tribe."). Indeed, the Secretary of the Interior publishes a list of such federally recognized tribes whose members are "Indian" under federal law. *See* 51 Fed. Reg. 25, 115. The Wampanoag Nation Group does not appear on the Secretary's list of federally recognized tribes. *See id.* Nor does Burbank, or any other Counter-Defendant, offer law or facts from which the Court might determine that eligibility for recognized Indian status exists.

"Indian tribe...means any Indian or Alaska Native tribe, band, pueblo, village, or community within the continental United States that the Secretary of the Interior presently acknowledges to exist as an Indian tribe." 25 C.F.R. § 83.1. Further, "Indian group or group means any Indian or Alaska Native aggregation within the continental United States that the Secretary of the Interior does not acknowledge to be an Indian tribe." *Id.* Accordingly, Burbank, Campbell, Stevens, Richmond, Hughs, and all others claiming to be members of the Wampanoag Nation Tribe, are recognized to be a "group" but are not "Indians" as defined by federal law for purposes of immunity. Therefore, the Court determines as a matter of law that neither Burbank, the Group, or any member thereof enjoys any immunities from state law associated with being a federally recognized Indian tribe.      WHEREFORE,

**IT IS ORDERED** that *Uintah County Parties' Motion for Partial Summary Judgment RE: Indian Status*, filed December 15, 2005 (*Doc. 90*) is GRANTED.

Dated this 3rd day of April, 2006.

*/s/ John Edwards Conway*

———————————————————
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] This organization is not to be confused with the Wampanoag Nation, Tribe of Gayhead, Wolf Band, a federally recognized Indian Tribe on Martha's Vineyard, Massachusetts, though the similarity in name is undoubtedly no coincidence.