IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

FILED
U.S DISTRICT COURT

2007 JAN 30  A 11: 47

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

JAMES W. BURBANK,

    Plaintiff,

vs.                                                                                                    No. 2:04CV00742 JEC

UNITED STATES DISTRICT COURT,
et al.,

    Defendants,

UINTAH COUNTY, UTAH, et al.,

    Counter-Claimants,

vs.

JAMES W. BURBANK, et al.,

    Counter-Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on a document styled *"Curtis Richmond's Objections, Notice of Void Judgments, & Demand for Relief From Judgments Per Fed. Rule 60(b),"* filed November 28, 2006 (*Doc. 82*) ("Pleading"). The Court, having considered the Pleading, the relevant authority, and being otherwise fully advised, finds the Pleading not well-taken as incomprehensible and, insofar as it requests relief, it is DENIED.

I.      **Background**

Plaintiff *pro se* James W. Burbank filed suit against Defendants Uintah County, Uintah County Justice Court, Uintah County Sheriff's Office, Uintah County Deputy John Laursen, Uintah County Sheriff Rick Hawkins, and Uintah County Attorney JoAnn Stringham (collectively "Uintah County Defendants"), generally alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. *See* Doc. 1. Burbank's allegations stem from enforcement of penalties against Burbank for violations of Utah State law arising from a 2003 incident at a convenience store during which Burbank was issued a citation for operating an unregistered motor vehicle and Burbank's vehicle was impounded. Following the 2003 incident, Burbank proceeded before the Western Arbitration Counsel ("WAC"), a body created by the chief of Burbank's Indian "tribe," where Burbank secured purported "judgments" against various Uintah County officials, including an "award" for $300,720 against Deputy Sheriff Laursen[1]. Burbank then filed this cause of action seeking in excess of $375,000 in damages, as well as equitable relief, from various County and State entities and officials. At the heart of Burbank's lawsuit was his wholly unsupported assertion that he is "a male member of an American Indian Tribe...residing in Uintah County" and thus is immune from state criminal laws. *Id.* The State of Utah was dismissed from the case on February 8, 2005. (*Doc. 51*). Final Judgment in favor of the State of Utah and against Plaintiff Burbank was entered on October 21, 2005. In a Memorandum Opinion and Order dated March 30, 2006, the Court dismissed Mr. Burbank's Complaint in its entirety with prejudice. Uintah County Defendants' numerous counter-claims

---

[1]Laursen is not the only Utah public official facing a money "judgment" against him in favor of Burbank. A $300,000 "judgment" has also been entered against Justice Court Judge Petry, for example.

remain.

## II. Discussion

Although a pro se litigant's filings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*), they are still subject to the Federal Rules of Civil Procedure. See *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). For instance, it is settled that when a complaint is incomprehensible and does not provide a short and plain statement of the claims sufficient to give the defendants reasonable and fair notice of the basis of the claims under Rule 8(a)(2), dismissal is proper. Here, the pleading is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

In this matter, the Court has labored unsuccessfully to make sense of voluminous, incoherent filings by Mr. Burbank and other Counter-Defendants. The document presently before the Court proves no exception. For want of intelligibility and complete failure to conform with governing rules, this Motion is denied.

The Court reiterates, by way of clarification, that the original claims have been dismissed with prejudice as against all original Defendants and live issues remain only as to the counter-claims.

WHEREFORE,

**IT IS ORDERED** that the document styled "*Curtis Richmond's Objections, Notice of Void Judgments, & Demand for Relief From Judgments Per Fed. Rule 60(b)*," filed November 28, 2006 (*Doc. 82*) is DENIED.

Dated this 23 day of January, 2007.

                                                                    *[signature]*

SENIOR UNITED STATES DISTRICT JUDGE
Sitting by Designation from the District of New Mexico