### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES W. BURBANK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 2:04-CV-00742-SPF |
| ) | |
| UNITED STATES DISTRICT COURT, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |
| _____ ) | |
| ) | |
| UINTAH COUNTY, UTAH, et al., ) | |
| ) | |
| Counter-Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES W. BURBANK, et al., ) | |
| ) | |
| Counter-Defendants. ) | |

### **ORDER**

    This action was recently assigned to the undersigned judge. The court has now thoroughly reviewed the record in this action. The court has also reviewed other relevant matters, such as the proceedings in <u>Stevens v. McClellan</u>, Case No. CIV-06-0215 in this court, <u>Richmond v. Wampanoag Tribal Court Cases</u>, 431 F.Supp.2d 1159 (D. Utah 2006), and the decisions in the <u>Stevens</u> case which appear at 2006 WL 2709687 and 2006 WL 3516168.

    In the order that follows, the court rules on all of the motions which are pending in this case. As to each of the motions which are addressed in this order, the court has

carefully reviewed the motion, the supporting memorandum, and all other relevant papers, such as responses and any papers which could be construed to constitute replies.

Document no. 161 (Motion to Dismiss for Failure to Prosecute Timely).

This motion is **DENIED**. This action has indeed been pending too long, and the court does intend to move this case to a conclusion as expeditiously as that can reasonably be accomplished. However, the delay in resolving the remaining claims in this case (*e.g.*, the claims which are asserted against the counter-defendants by some of the defendants) is not of a nature, and is not attributable to causes, which would constitute a basis for dismissal of the counterclaim for want of diligent prosecution.

Document no. 170 (Uintah County Defendants' Motion to Consolidate for Purposes of Trial).

This motion is, in the court's discretion, **DENIED**. Although there are some similarities between this case and Stevens v. McClelland, Case No. CIV-06-0215-TC, the court is not persuaded that the similarities between the cases warrant consolidation. Among other things, although there are some similarities with respect to the claims asserted, the line-up of parties in Stevens v. McClelland differs significantly from this case. The undersigned judge has full confidence that the assigned judge in Stevens v. McClelland (or, for that matter, any of the other resident judges of the District of Utah) is fully capable of bringing Stevens v. McClelland to a fair, just, and expeditious conclusion.

Document no. 183 (Motion to Dismiss).

This motion, filed by Thomas Smith on his own behalf and on behalf of The Order of White Light, although labeled in part as a "Motion to Dismiss," actually takes issue with any suggestion – such as in the motion to consolidate – that Mr.

Smith or The Order of White Light be treated as parties to Stevens v. McClelland. For that reason, this motion to dismiss is **DENIED AS MOOT**, in light of the court's denial of the motion to consolidate.

Document no. 184 (2nd Motion to Dismiss).

This motion, also filed by Thomas Smith on his own behalf and for The Order of White Light, re-urges the previous contention that the counterclaims should be dismissed for failure to diligently prosecute. This motion is **DENIED** on the same basis as that stated above with respect to the motion at doc. no. 161.[1]

Document no. 200 (Motion for Dismissal).

This motion was filed by counterclaim defendant James W. Burbank and by Martin T. Campbell on behalf of the Wampanoag Nation. This motion reiterates the previous complaints with respect to timely prosecution of the counterclaims. The court is not unsympathetic to those assertions, but, as has been noted with respect to other motions, the delays which have been encountered in bringing the counterclaims to a conclusion do not, in the circumstances presented here, amount to a basis for dismissal of those counterclaims. The motion is accordingly **DENIED**.

Document no. 204 (Motion of Demand).

This motion, filed by counterclaim defendant James W. Burbank and by Martin Campbell on behalf of the Wampanoag Nation, is **DENIED**.

---

[1] Also in the record, at doc. no. 199, is a motion filed by counterclaim defendant James Burbank and by Martin T. Campbell on behalf of the Wampanoag Nation. This paper has not been docketed as a motion, but, for purposes of this order, will be treated as a motion and is **DENIED**. To the extent that this paper is intelligible at all, it complains about delay in bringing this action to a conclusion ("This matter has gone on far too long . . ."). As a basis for dismissal of the counterclaims, this contention is without merit for the same reasons as are discussed in this order with respect to the motions at doc. no. 161 and at doc. no. 184.

<u>Document no. 206 ([Motion to] Void Judgements [sic]).</u>

This motion, filed by counterclaim defendant James Burbank and by Martin T. Campbell on behalf of the Wampanoag Nation, seeks reconsideration of certain rulings previously made by the court in this action. This motion provides no basis for reconsideration of those rulings and is, accordingly, **DENIED**.

Other Matters

<u>Representation of organizations by non-attorneys.</u>

The counterclaim defendants in this case include a Utah corporation (The Order of White Light, dba The Western Arbitration Counsel) and (apparently) an unincorporated association (Wampanoag Nation, Tribe of Grayhead, Wolf Band). Neither of these organizations has appeared in this action by counsel admitted to practice in this court. At one point, the Wampanoag Nation was represented by its purported chief, Dale Stevens. *See, e.g.*, doc. nos. 42 and 43 (asserting sovereign immunity). Later, Martin Terry Campbell appeared for Wampanoag Nation, Tribe of Grayhead, Wolf Band. *See* doc. no. 66, p. 17, and tr. of March 24, 2005 Rule 16 scheduling conference, at 3. Mr. Campbell has also appeared for the Wampanoag Nation, Tribe of Grayhead, Wolf Band, in more recent pleadings. *See, e.g.*, doc. nos. 199, 205, and 206 (the most recent of which was filed on December 10, 2007).

At least as early as the motion hearing which was held on February 23, 2006, Thomas Smith appeared on behalf of The Order of White Light. *See* February 23, 2006 hearing tr., at 12. Thomas Smith has also, more recently, purported to represent The Order of White Light in this action. *See, e.g.*, doc. nos. 183 and 184, the latter of which was filed on September 11, 2007. It is a long-standing rule that a corporation must be represented by an attorney to appear in federal court. *See* <u>Tal v. Hogan</u>, 453 F.3d 1244, 1254 (10th Cir. 2006), *cert. denied*, 127 S.Ct. 1344 (2007) and authorities there cited. This applies to The Order of White Light. It is, likewise, a long-standing

4

rule that a litigant which is an unincorporated association must appear through an attorney.  D-Beam Limited Partnership v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004); Black v. State of New York, 13 F.Supp.2d 538, 541 (S.D.N.Y. 1998); and Move Organization v. United States Department of Justice, 555 F.Supp. 684, 693 (E.D. Pa. 1983) (and authorities there cited).  This applies to the Wampanoag Nation, Tribe of Grayhead, Wolf Band.

Accordingly, it is **ORDERED** that The Order of White Light shall secure entry of appearance on its behalf by an attorney admitted to practice in this court not later than February 19, 2008.  Failure to do so may result in appropriate action which may include entry of judgment by default.  It is **FURTHER ORDERED** that the Wampanoag Nation, Tribe of Grayhead, Wolf Band shall secure entry of appearance on its behalf by an attorney admitted to practice in this court not later than February 19, 2008.  Failure to do so may result in appropriate action which may include entry of judgment by default.[2]

RICO Case Statement.

The Uintah County defendants' (herein: counterclaimants) First Amended Counterclaim, filed more than 3 years ago (doc. no. 34), asserts six claims for relief.  The court notes that the discovery period has expired and that, by their own description, the counterclaimants "have engaged in extensive discovery."  Doc. no. 166, at 2.  The first claim for relief seeks a declaratory judgment that the Wampanoag Nation, Tribe of Grayhead, Wolf Band is not a federally recognized tribe.  The second claim for relief is a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et. seq*.  The first claim (declaratory judgment), which has been reduced to judgment (*see* doc. no. 130), arguably presented a federal question.

---

[2] The fact that the counterclaim defendants Stevens, Campbell, and Smith also appear pro se on behalf of themselves, as they are certainly entitled to do, is immaterial.

The second claim, if it is viable, clearly presents a federal question.  However, the court, having carefully reviewed the Uintah County defendants' First Amended Counterclaim against the backdrop of the entire record in this action, is not satisfied that a viable RICO claim has been, or can be, stated.  Consequently, to facilitate the court's determinations as to the future course of proceedings in this action, the Uintah County defendants are directed to file, not later than February 19, 2008, a RICO Case Statement.  *See,* Tal v. Hogan, 453 F.3d 1244, 1262, n. 18.

This statement shall be signed by counsel of record for the counterclaimants and shall include the facts upon which the counterclaimants rely, on the basis of the "reasonable inquiry" required by Rule 11(b), Fed.R.Civ.P., in support of their First Amended Counterclaim.  This statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information:

1. Describe the alleged misconduct and basis of liability of each counterclaim defendant – identifying, *separately as to each such defendant*, the acts that give rise to liability.

3. List the alleged wrongdoers, if any, *other than* the counterclaim defendants in this action, and state the alleged misconduct of each such wrongdoer.

4. List the alleged victims and state specifically how each victim was injured or harmed by the conduct upon which the RICO claim is based.

5. Describe in detail the pattern of racketeering activity alleged in the First Amended Counterclaim.  A description of the pattern of racketeering activity shall include the following information:

    a. list the alleged predicate acts and the citation to the specific statutes which were allegedly violated;

    b. provide the date of each predicate act, the participants in each predicate act, and a description of the facts surrounding each of the predicate acts;

6

    c.    if the RICO claim is based on the predicate offenses of wire fraud or mail fraud, the "circumstances constituting fraud . . . shall be stated with particularity," Rule 9(b), Fed.R.Civ.P.; identify the time, place, and contents of the alleged misrepresentations, state the identity of persons to whom and by whom the alleged misrepresentations were made, state why they were fraudulent, and state how the communications furthered the fraudulent scheme;

    d.    state whether there has been a criminal conviction for violation of the predicate acts;

    e.    state whether civil litigation has resulted in a judgment in regard to the predicate acts;

    f.    describe how the predicate acts form a "pattern of racketeering activity;"

    g.    state whether the alleged predicate acts relate to each other as part of a common plan; if so, describe in detail;

    h.    state all facts that establish "closed-end continuity," Resolution Trust Corp. v. Stone, 998 F.2d 1534, 1543 (10th Cir. 1993); and

    i.    state all the facts that establish "open-ended continuity" that by its nature projects into the future with a threat of repetition, including the dates of the acts that are relied upon to establish the threat of repetition in the future. *Id.*

6.    Describe in detail the alleged enterprise for the RICO claim set forth in the First Amended Counterclaim. A description of the enterprise shall include the following information:

    a.    state the names of the individuals, partnerships, corporations, associations, or other legal entities which allegedly constitute the enterprise;

    b.    describe the structure, purpose, function, and course of conduct of the enterprise;

    c.    state whether any counterclaim defendants are employees, managers, officers, or directors of the alleged enterprise;

    d.    state whether any counterclaim defendants are associated with the alleged enterprise;

  e. state whether the counterclaim defendants are individuals or entities separate from the alleged enterprise, or whether the counterclaim defendants are the enterprise itself, or members of the enterprise; and

  f. if any counterclaim defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such counterclaim defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity.  Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe, in detail, the effect the activities of the enterprise have had on interstate or foreign commerce.

11. As to the alleged violation of § 1962(a), provide the following information:

  a. identify the individuals or entities that received the income derived from the pattern of racketeering activity;

  b. state the dates and amounts of such income received by each such person; and

  c. describe the use or investment of such income.

12. As to the alleged violation of § 1962(b), describe in detail the acquisition or maintenance of any interest in, or control of, the enterprise, and for each event or transaction by which control of the enterprise was acquired or maintained:

  a. identify the participants in the event or transaction;

  b. describe the role of each such person in the event or transaction; and

    c.    describe how his or her activity facilitated the acquisition or maintenance of control of the enterprise.

13. Describe in detail how the interest was acquired or maintained *through the predicate acts* – specifically identifying the predicate acts that facilitated the acquisition or maintenance of the interest. Tal v. Hogan, 453 F.3d 1244, 1269.

14. As to the alleged violation of § 1962(c), provide the following information:

    a. state who is employed by, or associated with, the enterprise;

    b. state whether the same entity is both the liable "person" and the "enterprise" under § 1962(c); and

    c. describe how each counterclaim defendant participated in the operation or management of the enterprise.

15. As to the alleged violation of § 1962(d), provide the following information:

    a. describe in detail the alleged conspiracy; and

    b. from among the specific predicate acts described in response to paragraph 5, above, identify the specific predicate acts that are alleged to have been committed in furtherance of the conspiracy.

16. Describe the alleged injury to business or property.

17. Describe the direct causal relationship between the alleged injury and the violation of § 1962.

18. List the damages sustained by reason of the violation of § 1962, indicating the damages suffered by each counterclaimant and the amount for which each counterclaim defendant is liable to each counterclaimant.

Entered this 16th day of January, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0742p001.wpd

9