IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES W. BURBANK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:04-CV-00742-SPF |
| UNITED STATES DISTRICT COURT, et al., | ) |
| Defendants. | ) |
| _____ | ) |
| UINTAH COUNTY, UTAH, et al., | ) |
| Counter-Claimants, | ) |
| v. | ) |
| JAMES W. BURBANK, et al., | ) |
| Counter-Defendants. | ) |

### ORDER ON COUNTERCLAIM PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Before the court is the Counterclaim Plaintiffs' Motion for Attorneys' Fees. The motion was filed on May 9, 2008 (doc. no. 289).

By this motion, Uintah County, as the prevailing party on its RICO claim, seeks to recover attorneys' fees from James Burbank, Curtis Richmond, Martin Terry Campbell, Thomas Smith, Dale Nolan Stevens, Order of White Light, Western Arbitration Council, and Wampanoag Nation, Tribe of Grayhead, Wolf Band, jointly and severally. None of those counterclaim defendants have

responded to the motion. However, the court considers it necessary to independently review the motion notwithstanding the lack of a response in opposition to the motion.

In evaluating Uintah County's claim for attorneys' fees, the court scrutinizes the reasonableness of the total time devoted to the matter by the attorneys, the fairness and accuracy of the allocation of that time as between compensable and noncompensable activities, the efficiency with which counsel have performed their tasks (*e.g.*, whether two or more lawyers were unjustifiably involved in completing a particular task when it could have been performed by a single lawyer), and, finally, the reasonableness of the hourly rates sought to be applied to the time reasonably devoted to the matter by counsel for the prevailing party.

In Lippolt v. Cole, 468 F.3d 1204, at 1224 - 25 (10th Cir. 2006), the Court of Appeals provided the following guidance with respect to setting fees for fee shifting purposes:

> To determine what constitutes a reasonable rate, the district court considers the "prevailing market rate in the relevant community." Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir.1996). Plaintiffs must provide evidence of the prevailing market rate for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community. Blum, 465 U.S. 886, at 895 n. 11 (1984), Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1255-56 (10th Cir.1998). "The hourly rate should be based on the lawyers' skill and experience in civil rights or analogous litigation." Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir.1983), overruled in part on other grounds, Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987). If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." Case, 157 F.3d at 1257. A district judge may consider his or her "own knowledge of prevailing market rates as well as other indicia of a

reasonable market rate." Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1493 (10th Cir.1994) (internal quotation marks omitted).

The application is supported, as a factual matter, by the declaration of Jesse C. Trentadue (with copies of his law firm's fee statements attached) and by the declaration of Trent J. Waddoups, a member of the bar of the State of Utah and of this court. The motion and the supporting materials persuasively show, and the court finds, as follows:

1. The total amount of attorney time devoted to bringing this matter to a successful conclusion on behalf of Uintah County was reasonable. Moreover, the allocation of time proffered by the County is reasonable. At the conclusion of the trial of this case, the court cautioned counsel that, in the fee application, counsel should be careful to allocate their time as between compensable and noncompensable matters (*e.g.*, as between time devoted to the prosecution of the RICO claims, as opposed to other aspects of this case). The application demonstrates that this allocation has been fairly and appropriately accomplished.

2. The hourly rates which are sought to be applied to the time devoted to the matter are very reasonable – indeed, they are below the prevailing rates charged by practitioners in this court for services of the type for which compensation is sought here. The hourly rates which are proposed are $125.00 per hour for the services of Mr. Trentadue, $110.00 per hour for the services of Mr. Hansen, $105.00 per hour for the services of Mr. Bolinder and Mr. Thomas, and $90.00 per hour for the services of Mr. Price. These hourly rates are all well below the prevailing rate for similar services in this legal community and are therefore found to be quite reasonable.

3. Having scrutinized the fee application for indications of unjustifiable "doubling up" of attorneys with respect to particular tasks, the court finds that none of the fees for which recovery is sought have resulted from any unjustifiable duplication of services.

4. The application demonstrates that the total amount of the attorneys' fees incurred by Uintah County in this matter was slightly over $69,000.00. However, the amount sought is $45,587.50. This reduction is the result, primarily, of the allocation between compensable and noncompensable activities, as discussed above. The amount sought, $45,587.50, is the product of the application of the reasonable hourly rates, discussed above, to the reasonably allocated attorney time for which compensation is sought, as discussed above. The total amount of attorney time for which fee recovery is sought is, by any standard, reasonable. Rarely is a suit of this nature prosecuted to judgment in federal court for the amount sought here. Even at that, however, it should be noted that the amount of the fee recovery which is justifiably sought was, beyond question, increased by the approach which the individual counterclaim defendants took to this litigation. They persistently filed pleadings which, to the extent they were intelligible at all, amounted to obstreperous diatribes against the counterclaim plaintiffs or the court. The counterclaim defendants likewise failed, in numerous instances, to comply with the processes of the court (including discovery), all of which inevitably had the effect of increasing the amount of time and effort necessarily expended by counsel for Uintah County and the Uintah County officers.

The court finds and concludes that the amount of the attorney fee recovery sought, $45,587.50, is fair and reasonable and should be assessed against the counterclaim defendants James Burbank, Curtis Richmond, Martin Terry

Campbell, Thomas Smith, Dale Nolan Stevens, Order of White Light, Western Arbitration Council, and Wampanoag Nation, Tribe of Grayhead, Wolf Band, jointly and severally.

DATED June 11, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0742p013.wpd