## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES W. BURBANK, | ) |
| Plaintiff | ) |
| v. | ) Case No. 2:04-CV-00742-SPF |
| UNITED STATES DISTRICT COURT, et al., | ) |
| Defendants. | ) |
| _____ | ) |
| UINTAH COUNTY, UTAH, et al., | ) |
| Counter-Claimants, | ) |
| v. | ) |
| JAMES W. BURBANK, et al., | ) |
| Counter-Defendants. | ) |

### **ORDER**

Before the court is counterclaim plaintiffs' Motion for Order Requiring Appellant to Order Transcript, filed July 10, 2008 (doc. no. 312). Counterclaim defendant, Curtis Richmond, has responded to the motion and counterclaim plaintiffs have replied. Upon due consideration, the court makes its determination.

In their motion, counterclaim plaintiffs seek, pursuant to Rule 10(b)(3)(C), Fed. R. App. P., an order from the court requiring counterclaim defendant, Curtis Richmond, to order the necessary portions of the transcript of the trial proceedings.

Counterclaim plaintiffs assert that, on appeal, counterclaim defendant has challenged the sufficiency of the evidence to support the court's determination of the claims asserted in this case. Counterclaim plaintiffs therefore contend that a transcript of the trial proceedings is required by Rule 10(b)(2), Fed. R. App. P.

Counterclaim defendant, in response, contends that the court is without jurisdiction to require him to order the transcript. He argues that the case is on appeal to the Tenth Circuit and that this motion may be heard only by the Court of Appeals. Counterclaim defendant also asserts that no transcript is required in order to decide the appeal and that he cannot be forced to order the transcript when he has no money to pay for it.

In reply, counterclaim plaintiffs contend that the court has jurisdiction over their motion because Rule 10(b)(3) provides that the appellee may file such a motion in the district court. Counterclaim plaintiffs also assert that a transcript is required because counterclaim defendant's appeal challenges the sufficiency of the evidence to support this court's rulings. Counterclaim plaintiffs also assert that the issue of counterclaim defendant's inability to pay will be decided by the Tenth Circuit in counterclaim defendant's currently pending motion for leave to proceed on appeal without prepayment of costs or fees. Counterclaim plaintiffs contend that counterclaim defendant should not be excused by this court from compliance with the requirements of Rule 10.

At the outset, the court rejects the argument that it lacks jurisdiction to decide counterclaim plaintiffs' motion. The court finds that it indeed has jurisdiction to decide counterclaim plaintiffs' motion. *See*, Rule 10(b)(3)(C), Fed. R. App. P. and Advisory Committee Notes to Rule 10.

Although counterclaim defendant contends that no transcript is required, it appears to the court, based upon counterclaim defendant's notice of appeal[1], that a transcript of the trial proceedings is necessary. The court therefore concludes that counterclaim defendant should be compelled to obtain the transcript of the trial proceedings for appeal. *See*, *e.g.*, Ross v. M/Y Andrea Aras, 2007 WL 1746741 (S.D. Fla. June 15, 2007). Even though counterclaim defendant asserts that he has no money to pay for the transcript, counterclaim defendant's financial condition does not relieve him of his obligation to comply with Rule 10(b). *See*, Hill v. Porter Memorial Hospital, 905 F. Supp. 567 (N.D. Ind. 1995). The court also notes, in passing, that the trial of this case was completed in less than two days. The trial transcript will not be unduly lengthy.

Accordingly, counterclaim plaintiffs' Motion for Order Requiring Appellant to Order Transcript, filed July 10, 2008 (doc. no. 312), is **GRANTED**. Counterclaim defendant is directed to order a transcript of the trial to be included in the record on appeal.

DATED July 31, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0742p015 rev .wpd

---

[1] In his notice of appeal, counterclaim defendant states: "No Legal Evidence was presented proving the Claims made against the Defendants, only the Opinions of an Atty. & a Judge and meeting Black's Law Dictionary Definition For A Kangaroo Court." *See*, doc. no. 295.