IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES W. BURBANK,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT OF UTAH, et al.<br><br>    Defendants.<br><br>UINTAH COUNTY, UTAH; UINTAH COUNTY ATTORNEY JOANN STRINGHAM; UINTAH COUNTY SHERIFF RICK HAWKINS; and UINTAH COUNTY DEPUTY SHERIFF JOHN LAURSEN,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>JAMES W. BURBANK; MARTIN TERRY CAMPBELL; CURTIS RICHMOND; THOMAS SMITH; DALE NOLAN STEVENS; ORDER OF WHITE LIGHT, a Utah corporation d/b/a WESTERN ARBITRATION COUNCIL; and WAMPANOAG NATION, TRIBE OF GRAYHEAD, WOLF BAND, an unincorporated association-in-fact,<br><br>    Counterclaim Defendants. | **REPORT AND RECOMMENDATION TO DENY MOTIONS TO VACATE AND MOTIONS TO DISQUALIFY**<br><br><br><br>Case No. 2:04-CV-00742 SPF<br><br>District Judge Stephen P. Friot<br><br><br><br>Magistrate Judge David Nuffer |

Counterclaim Defendant Dale Stevens (Stevens) has moved to vacate the judgment in this case and to disqualify the judges.[1] The case is referred[2] to the magistrate judge under 28 U.S.C.

---

[1] [Motion for Relief from] Void Judgment, Denial of Due Process in The Trial Motion to Vacate a Void Judgment (Motion 369), docket no. 369, filed October 18, 2010; Demand for Relief from a Void Judgment (Motion 378),

§ 636 (b)(1)(B). The undersigned was directed to manage the case, receive all motions, hear oral arguments, conduct evidentiary hearings as deemed appropriate and submit to the District Judge a report and recommendation for the proper resolution of dispositive matters presented.

The motions to vacate the judgment were filed far too late to be timely under Fed. R. Civ. P. 60. Contrary to Stevens' assertion that "[i]n Rule 60 (b) it says one can attack any case at any time,"[3] the rule does have time requirements, and Stevens has not complied with them. Any motion "under Rule 60(b) must be made within a reasonable time."[4] The motions were filed in late 2010 and early 2011, while the judgment was entered in May 2008.[5]

The identical motions for disqualification fail to comply with the statutes[6] governing recusal. Stevens says only that "[t]here is plenty of evidence to prove that Jesse C. Trentadue and Judge Friot and Nuffer Acted in concert with each other"[7] but does not lay out any of these facts. His conclusory statement that a ruling "proves that he, the Judge was out Of his mind"[8] is also factually unsupported.

Previously, the magistrate judge has taken an Order to Show Case under advisement.[9] Stevens was warned that filing "claims outside recognized legal procedure" would result in imposition of sanctions.[10] Because it may not have been clear that this prohibition extended to

---

docket no.378, filed January 19, 2011; Motion for Judges to Disqualify Them Self's, docket nos. 371 and 373, filed October 28, 2010 and November 10, 2010, respectively.

[2] Order of Reference, docket no. 338, filed May 5, 2010..

[3] Motion 369, at 1.

[4] Fed. R. Civ. P. 60(c)(1).

[5] Final Judgment, docket no. 290, filed May 12, 2008.

[6] 28 U.S.C. § 144; 28 U.S.C. § 455.

[7] Motion 371, at 1.

[8]*Id.* at 2.

[9] Order re: Uintah County's Motion for Order to Show Cause Re: Criminal Contempt, docket no. 360, filed June 30, 2010.

[10] *Id.* at 4.

filings in this court which assert claims, the magistrate judge recommends that the district judge augment the final judgment to order that (subject to his opportunity to object as explained below) Defendant Dale Stevens be enjoined from filing any claims against judges or legal counsel of record in this case, and from filing any additional motions in this case without first obtaining the prior approval of the court unless he is represented by a licensed attorney admitted to practice in this court.

## RECOMMENDATION

The magistrate judge recommends the motions to vacate the judgment and to disqualify the judges[11] be denied. He further recommends that the district judge enter an order in substantially the following form restricting Mr. Stevens' future filings:

> IT IS HEREBY ORDERED that Dale Stevens is ENJOINED from filing any claims against the judges or legal counsel of record in this case without the representation of a licensed attorney admitted to practice in this court unless he first obtains permission to proceed pro se. To do so, he must present the following documents:
> 1. Petition Pursuant to Court Order Seeking Leave to Proceed Pro Se. Mr. Stevens shall attach a copy of this Order to the petition. The petition shall include a list of all lawsuits in the United States District Court for the District of Utah, the Tenth Circuit Court of Appeals, and state courts in which Mr. Stevens is or was a party; name and citation of each case; and status or disposition of each case. The Petition shall also contain Mr. Stevens' mailing address.
> 2. A copy of the motion, complaint or other papers sought to be filed with the court. The motion, complaint, or other papers must comply with the Federal Rules of Civil Procedure and all Local Rules of Practice.
>
> These documents shall be presented to the Clerk of the Court who will forward them to the magistrate judge for review. For documents filed in this case, the magistrate judge will make the determination whether the documents should be filed or forward them to the district judge with a recommendation as appropriate. For documents such as a new complaint, the magistrate judge will determine whether the case is lacking in merit, duplicative, or frivolous. If so, he will forward the documents to the chief judge who will make the final determination. In making the determination whether to allow Mr. Stevens to proceed pro se, the judges shall consider whether Mr. Stevens has fully complied with this Order; whether his proposed filing complies with the Federal Rules of Civil

---

[11] [Motion for Relief from] Void Judgment, Denial of Due Process in The Trial Motion to Vacate a Void Judgment (Motion 369), docket no. 369, filed October 18, 2010; Demand for Relief from a Void Judgment (Motion 378), docket no.378, filed January 19, 2011; Motion for Judges to Disqualify Them Self's, docket nos. 371 and 373, filed October 28, 2010 and November 10, 2010, respectively.

Procedure and the Local Rules of Practice; whether the proposed filing is frivolous abusive, harassing or malicious; and whether the claims have been previously raised and disposed of by any federal or state court. If the court enters an order granting the petition, the Clerk of the Court shall file the materials as of the date of the order. If the court does not approve the petition, the material submitted shall be returned via U.S. Mail to the address provided by Mr. Stevens.

**Notice to the Parties**

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dated March 21, 2011.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge