# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES W. BURBANK,<br><br>   Plaintiff,<br><br>-vs-<br><br>UNITED STATES DISTRICT COURT<br>OF UTAH, et al.,<br><br>   Defendants.<br>_____<br>UINTAH COUNTY, UTAH, et al.,<br><br>   Counterclaim Plaintiffs,<br><br>v.<br><br>JAMES W. BURBANK, et al.,<br><br>   Counterclaim Defendants. | Case No. 2:04-CV-00742 SPF |

## ORDER

On March 22, 2011, United States Magistrate Judge David Nuffer issued a Report and Recommendation, wherein he recommended that the motions to vacate judgment and to disqualify judges filed by counterclaim defendant Dale Stevens be denied. Magistrate Judge Nuffer additionally recommended that restrictions be imposed on Mr. Stevens' future filings.

Presently before the court is Mr. Stevens' response to the Report and Recommendation, which the court construes as an objection pursuant to 28 U.S.C. 636(b)(1). Uintah County has responded to the objection, and Mr. Stevens has

replied. Having conducted a *de novo* review of the matter in accordance with 636(b)(1), the court concurs with the recommendations of Magistrate Judge Nuffer that the motions should be denied and filing restrictions imposed.

It appears to the court that Mr. Stevens seeks to vacate the judgment under Rule 60(b)(4), Fed. R. Civ. P. That rule requires the court to grant relief if "the judgment is void." *See*, Rule 60(b)(4), Fed. R. Civ. P. Despite the language of Rule 60(c) that all motions for relief must be made "within a reasonable time," a motion under Rule 60(b)(4) may be made at any time. U.S. v. Buck, 281 F.3d 1336, 1344 (10th Cir. 2002). Nonetheless, "[i]n the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." V.T.A., Inc. v. AIRCO, Inc., 597 F.2d 220, 225 (10th Cir. 1979). "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." Buck, 281 F.3d at 1344 (internal quotations omitted).

In his papers, Mr. Stevens complains of a denial of due process. Under Rule 60(b)(4), a litigant was afforded due process if "fundamental procedural prerequisites - particularly, adequate notice and opportunity to be heard - were fully satisfied." Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994). Contrary to Mr. Stevens' arguments, the court concludes that Mr. Stevens was afforded due process. The court finds that Mr. Stevens' arguments as to denial of due process are without merit. Thus, the court rejects Mr. Stevens' assertion that the judgment is void because the court acted in a manner inconsistent with due process.

Mr. Stevens additionally complains that the court lacked jurisdiction over this matter. For a judgment to be void for lack of subject matter jurisdiction, it must be determined that the court was powerless to render it. V.T.A., Inc., 597 F.2d at 224. A judgment is not void simply because it is or may be erroneous. Buck, 281 F.3d at

1344; V.T.A., Inc., 597 F.2d at 224. The court concludes that it had jurisdiction over this matter and had the power to render the judgment. The court therefore rejects Mr. Stevens' argument that the judgment is void for lack of subject matter jurisdiction.

In his papers, Mr. Stevens asserts allegations of "fraud" and "fraud on the court." To the extent that Mr. Stevens seeks relief under Rule 60(b)(3), the court agrees with Magistrate Judge Nuffer's finding that such relief is untimely sought. *See*, Rule 60(c) ("A motion under Rule 60(b) must be made within a reasonable time– and for reason[] . . . (3) no more than a year after the entry of the judgment . . . .") As to the fraud on the court allegations, the court finds that the allegations, which are conclusory at best, are insufficient to warrant vacating the judgment. *See*, Thomas v. Parker, 609 F.3d 1114, 1120 (10th Cir. 2010) (clear and convincing evidence required for proof of fraud on the court).

Turning to the motions to disqualify, the court agrees with Magistrate Judge Nuffer that Mr. Stevens has not complied with the pertinent statutes. Mr. Stevens has not filed an affidavit as required by 28 U.S.C. § 144. *See*, Glass v. Pfeffer, 849 F.2d 1261, 1267 (10th Cir. 1988) ("[Section] 144 requires an affidavit of bias and prejudice . . . made by a party . . . .") As to disqualification under 28 U.S.C. § 455, Mr. Stevens has failed to show that "a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality." Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997). Mr. Stevens has made no showing of personal bias or prejudice. In his papers, Mr. Stevens essentially complains of rulings against him. However, adverse rulings "cannot in themselves form the appropriate grounds for disqualification." *Id.* (quotation omitted). The court therefore concludes that the motions to disqualify should be denied as recommended by Magistrate Judge Nuffer.

As previously stated, Magistrate Judge Nuffer recommends that restrictions be placed on Mr. Stevens' future filings. In the Report and Recommendation, Magistrate

Judge Nuffer states that in his order of June 30, 2010, Mr. Stevens was warned that filing "claims outside recognized legal procedure" would result in imposition of sanctions. *See*, Order Re: Uintah County's Motion for Order to Show Cause Re: Criminal Contempt (doc. no. 360). Magistrate Judge Nuffer also states that because it may have not been clear that this prohibition extended to filings in this court which assert claims, he recommends that the court augment the final judgment to order that Mr. Stevens be enjoined from filing any claims against judges or legal counsel of record in this case, and from filing any additional motions in this case without first obtaining the prior approval of the court unless he is represented by a licensed attorney admitted to practice in this court.

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Sieverding v. Colorado Bar Ass'n, 469 F.3d 1340, 1343 (10th Cir. 2006). Federal courts possess inherent authority "to regulate activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989). Where a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate, but only after notice and an opportunity to respond are given. Werner v. State of Utah, 32 F.3d 1446, 1447-1448 (10th Cir. 1994).

The tenor of Mr. Stevens' filings is manifestly abusive. Mr. Stevens has made personal attacks on the undersigned as well as Magistrate Judge Nuffer. In the filings related to his motions to vacate and to disqualify, Mr. Stevens has threatened criminal complaints against the undersigned and Magistrate Judge Nuffer as well as legal counsel for counterclaim plaintiffs. Even after Magistrate Judge Nuffer's statement regarding the filing of claims, Mr. Stevens has filed an Affidavit in Opposition to Plaintiff's Response to Dale Stevens' "Motion to Vacate a Void Judgment" (doc. no.

383) and Affidavit of Default (doc. no. 386) directed against the judges and legal counsel in this case. In addition, in his objection to the Report and Recommendation, Mr. Stevens has made claims against the judges and has accused Magistrate Judge Nuffer of trademark violations and states that he hopes that Magistrate Judge Nuffer has "deep pockets." *See*, (doc. no. 385). In his reply, Mr. Stevens has accused the court of "one act of treason." *See*, (doc. no. 388).

Mr. Stevens has been given notice of the imposition of filing restrictions and has been given an opportunity to object. The court concludes that Mr. Stevens' objection is not sufficient to avoid the imposition of filing restrictions. Although the court does not augment the final judgment in this case as recommended by Magistrate Judge Nuffer, the court shall impose the filing restrictions recommended by Magistrate Judge Nuffer.

The court notes that contemporaneous with his Affidavit in Opposition to Plaintiff's Response to Dale Stevens' "Motion to Vacate a Void Judgment" (doc. no. 383), Mr. Stevens filed a Motion to Strike (doc. no. 382). The court finds that the motion is without merit and should be denied. The court also finds that the Affidavit in Opposition to Plaintiff's Response to Dale Stevens' "Motion to Vacate a Void Judgment" (doc. no. 383) and Affidavit of Default (doc. no. 385) should be stricken from the record and declared of no legal effect. Neither document is a memorandum in support of any motion or a memorandum in reply in support of any motion. DUCivR 7-1(b)(3)(B) provides that "no additional memoranda will be considered without leave of court." Mr. Stevens did not have leave of court to file his documents. Moreover, the court finds that the documents are frivolous and irrelevant.

Accordingly, based on the foregoing,

IT IS HEREBY ORDERED that the Report and Recommendation issued by United States Magistrate Judge David Nuffer, filed March 22, 2011 (doc. no. 384), is

**ACCEPTED**, **ADOPTED** and **AFFIRMED** to the extent stated in this order. Counterclaim defendant, Dale Nolan Stevens' Motion to Vacate a Void Judgment (doc. no. 369), Demand for Relief from a Void Judgment (doc. no. 378), Motion for Judges to Disqualify Them Self's (doc. no. 371), Motion for Judges to Disqualify Them Self's (doc. no. 373), Motion to Strike (doc. no. 382) are **DENIED**. The Affidavit in Opposition to Plaintiff's Response to Dale Stevens' "Motion to Vacate a Void Judgment" (doc. no. 383) and Affidavit of Default (doc. no. 385) are **STRICKEN** and **DECLARED** of no legal effect.

IT IS FURTHER ORDERED that counterclaim defendant Dale Stevens is **ENJOINED** from filing any claims against the judges or legal counsel of record in this case, which arise out of or as a result of this action, or relate to the subject matter of any claims that have, at any stage, been asserted by or against any present or former party to this action, without the representation of a licensed attorney admitted to practice in this court unless he first obtains permission to proceed *pro se*. To do so, he must present the following documents:

1. Petition Pursuant to Court Order Seeking Leave to Proceed *Pro Se*. Mr. Stevens shall attach a copy of this order to the petition. The petition shall include a list of all lawsuits in the United States District Court for the District of Utah, the Tenth Circuit Court of Appeals, and state courts in which Mr. Stevens is or was a party; name and case number of each case; and status or disposition of each case. The petition shall also contain Mr. Stevens' mailing address and his physical residence address – e.g., the address where he resides and may be found.

2. A copy of the motion, complaint or other papers sought to be filed with the court. The motion, complaint, or other papers must comply with the Federal Rules of Civil Procedure and all Local Rules of Practice.

These documents shall be submitted to the clerk of the court who will forward them to the magistrate judge for review. Any submission that does not fully comply with the requirements of paragraphs 1 and 2, above, may be returned to Mr. Stevens with no further action by the court or court personnel. For documents sought to be filed in this case, the magistrate judge will make the determination whether the documents should be filed, or forward them to the district judge with a recommendation, as appropriate. For documents such as a new complaint, the magistrate judge will determine whether the case lacks merit or is duplicative, or frivolous. If the magistrate so determines, he will forward the documents to the chief judge who will make the final determination. In making the determination whether to allow Mr. Stevens to proceed pro se, consideration shall be given to whether Mr. Stevens has fully complied with this order; whether his proposed filing complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; whether the proposed filing is frivolous, abusive, harassing, or malicious; and whether the claims have been previously raised and disposed of by a federal or state court. If the court enters an order granting the petition, the clerk of the court shall file the materials as of the date of the order. If the court does not approve the petition, the material submitted shall be returned via U.S. Mail to the address provided by Mr. Stevens.

  DATED April 20, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0742p018.wpd